# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| Jose Camacho and Linda Camacho, | : |
| | : Civil Action No.: 5:16-cv-00261 |
| Plaintiffs, | : |
| v. | : |
| | : |
| Conn Appliances, Inc., | : **COMPLAINT** |
| | : |
| Defendant. | : |
| | : |
| | : |

For this Complaint, Plaintiffs, Jose Camacho and Linda Camacho, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.     Plaintiff, Jose Camacho ("Jose"), is an adult individual residing in San Antonio, Texas, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

4.     Plaintiff, Linda Camacho ("Linda" together with Jose hereinafter referred to as "Plaintiffs") is an adult individual residing in San Antonio, Texas, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5.      Defendant, Conn Appliances, Inc. ("Conn"), is a Texas business entity with an address of 4055 Technology Forest Boulevard, Suite 210, The Woodlands, Texas 77381-2008 and is a "person" as the term is defined by 47 U.S.C. § 153(39).

## FACTS

6.      In or around February 2015, Conn began calling Plaintiffs' cellular telephone numbers 210-xxx-5258 and 210-xxx-5402, using an automatic telephone dialing system ("ATDS").

7.      When Plaintiffs answered calls from Conn, they heard a prerecorded message which stated that Conn was calling to speak with Jose.

8.      In or around February 2015, Plaintiffs spoke with Conn and requested that the calls to their cellular telephone numbers cease.

9.      Nevertheless, Conn continued to place automated calls to Plaintiffs' cellular telephone numbers.

## COUNT I
## VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *et seq.*

10.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

11.     At all times mentioned herein, Conn called Plaintiffs' cellular telephone numbers using an ATDS or predictive dialer.

12.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that

has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

13.   Conn's telephone system(s) have some earmarks of a predictive dialer.

14.   When Plaintiffs answered calls from Conn, they heard a prerecorded message.

15.   Conn's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16.   Conn continued to place automated calls to Plaintiffs' cellular telephone numbers despite knowing that it lacked consent to do so.  As such, each call placed to Plaintiffs was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

17.   The telephone numbers called by Conn were assigned to a cellular telephone pursuant to 47 U.S.C. § 227(b)(1).

18.   The calls from Conn to Plaintiffs were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

19.   Plaintiffs are entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20.   As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiffs are entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 15, 2016

Respectfully submitted,

By: ___*/s/ Sergei Lemberg*_____

Sergei Lemberg, *Attorney-in-Charge*
Connecticut Bar No. 425027
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: slemberg@lemberglaw.com
Attorneys for Plaintiffs

4